# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CYRUS NOWIA-PAHLAVI,**

        **Plaintiff,**

**-vs-**                                            Case No.  6:08-cv-36-Orl-19DAB

**HAVERTY FURNITURE COMPANIES, INC., MICHAEL MCGAUHEY, MARC GINTER, MARK MOEGE,**

        **Defendants.**

_____

## ORDER AND NOTICE OF HEARING

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**     **MOTION FOR PROTECTIVE ORDER (Doc. No. 23)**
>
> **FILED:**        **April 11, 2008**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** to the extent it is not withdrawn.

> **MOTION:**     **MOTION FOR LEAVE TO FILE EXCUSE AND TO FILE MEDICAL RECORDS UNDER SEAL (Doc. No. 26)**
>
> **FILED:**        **April 11, 2008**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

The motion for Protective Order, filed at 2:23 am on April 11, 2008, seeks an order excusing Plaintiff from attending his own deposition, which was scheduled for 8:30 am, April 11th. Not only is the motion impermissibly untimely, in that its middle of the night filing guaranteed that the Court

would have virtually no opportunity to review the matter prior to the scheduled deposition, it is wholly without merit. More recently, Plaintiff, perhaps having reviewed Defendant's response, sought to withdraw the motion and for leave to file an "excuse," under seal. While the Court will allow the filing of the excuse under seal, Plaintiff's conduct in this matter warrants the Court's consideration of sanctions. Plaintiff and his counsel are therefore **ordered** to personally appear and show cause why sanctions should not be imposed for failure to attend the deposition, as more fully set forth herein.

According to the motion and Defendant's response (Doc. No. 24), defense counsel offered several dates for the taking of Plaintiff's deposition, Plaintiff's counsel offered earlier dates but eventually selected April 11, Defendant noticed the deposition *for the date chosen by Plaintiff,* defense counsel and his client representative made travel arrangements, hotel and plane reservations, secured a court reporter, and prepared to go forward, and then – at the last possible moment - Plaintiff's counsel asserted that the deposition could not go forward because defense counsel did not "voluntarily produce" documents counsel intended to question Plaintiff on at his deposition. Because Defendants "intend to question Plaintiff about documents which Plaintiff, most likely, has not seen before, and, most certainly, Plaintiff's counsel has never seen before," Plaintiff asserted that he is entitled to be excused from his deposition. Plaintiff is mistaken.

First and foremost, there is no requirement in the Rules, the case law, or common sense that makes taking a deposition contingent on the deponent knowing in advance exactly what the questions will be. Secondly, there is no reason that Plaintiff could not have promulgated a Request for Production of Documents, to the extent he believes there are "unknown" relevant documents, and used same to prepare for his deposition. His failure to do so is not the fault of Defendant. Finally, the Court reminds Plaintiff that this is *his* Complaint before the Court. There is nothing unfair or

inappropriate about being required to answer truthfully under oath about the basis of your lawsuit; especially when you picked the date and you knew about it weeks in advance.

Following the filing of the response to the motion, and the motion for sanctions, Plaintiff filed a paper which purports to withdraw the motion, in favor of being allowed to file an "excuse" for non-appearance at the deposition (Doc. No. 26). According to this paper, at the time the motion for protective order was filed, counsel "had not yet been made aware of certain events affecting the health and welfare of Plaintiff, which occurred late in the evening on April 10, 2008." Plaintiff's counsel states that had he known of these events, the Motion for Protective Order "would not have been filed in the very early morning hours of April 11, 2008." Plaintiff now seeks "as an alternative" to the motion for protective order, to file a motion to excuse his non-appearance at the deposition, due to a "highly personal," "confidential" and "sensitive" reason. Plaintiff does not offer that reason in this paper, however, but he says he *wants* to, "as soon as it is reasonably possible and practical to do so."

To the extent Plaintiff wishes leave to file his excuse under seal, the motion is **granted.** The Clerk is directed to accept the sealed filing, **which shall be filed no later than 2:00 PM, Tuesday, April 22, 2008.**

Further, all parties are to **TAKE NOTICE that a show cause hearing will be held before the undersigned on WEDNESDAY, APRIL 23, 2008 at 10:00 A.M. in Courtroom #6D, U.S. Courthouse , 401 W. Central Boulevard, Orlando, Florida. Plaintiff and his counsel are to appear at the hearing IN PERSON** and be prepared to show cause why sanctions, including but not limited to monetary sanctions, and/or the striking of pleadings or entering of a default should not be imposed for failure to attend the deposition.

> **MOTION:** **DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO APPEAR FOR DEPOSITION ON THURSDAY APRIL 17, 2008 AND FOR SANCTIONS (Doc. No. 25)**
>
> **FILED:** **April 11, 2008**
> _____
>
> **THEREON it is ORDERED that the motion is deferred, pending the show cause hearing on the matter of sanctions.**

Defendant shall submit a statement of costs claimed incident to the unattended deposition by **2:00 PM, Tuesday, April 22, 2008**.

**DONE** and **ORDERED** in Orlando, Florida on April 15, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record