# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CYRUS NOWIA-PAHLAVI,**

**Plaintiff,**

-vs-                                                            Case No.  6:08-cv-36-Orl-19DAB

**HAVERTY FURNITURE COMPANIES,
INC., MICHAEL MCGAUHEY, MARC
GINTER, MARK MOEGE,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:**    **MOTION TO DISMISS THE ACTION (Doc. No. 44)** |
| **FILED:**    **July 2, 2008** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, to the extent it seeks dismissal, but the Court finds the matter should be administratively closed, as set forth herein. |

     As is clear from the status report filed by Plaintiff's counsel (Doc. No. 42), Plaintiff is not currently able to prosecute this suit, and it is not clear when or if he will regain the ability to go forward.[1]  Despite a diagnosis that Plaintiff is, among other things, currently delusional, Plaintiff's counsel suggests that the matter proceed and Plaintiff be deposed, under a set of restrictions and

_____

[1]While Defendant properly objects to the hearsay statements of Plaintiff's counsel "summarizing" the diagnoses and impressions of Dr. David Baker-Hargrove in lieu of a formal report, for present purposes the Court accepts counsel's representation that "Dr. Baker-Hargrove diagnosed Plaintiff as being delusional, severely depressed, suicidal, emotional[ly] unstable, and psychologically unsettled." (Doc. No. 42 at 2).

conditions that are, not surprisingly, unacceptable to Defendants (Doc. No. 43).  The Court is thus presented with the issue of whether this case should be dismissed, as urged by Defendants in the instant motion, or if the action is to proceed, under what conditions.  Plaintiff has not filed a timely opposition to the motion, which the Court interprets as further evidence of Plaintiff's present inability to prosecute.

*Rule 37*

Defendants assert that this Court has the authority to dismiss this action as sanction for Plaintiff's non-appearance at his deposition, citing Rule 37(d)(3), Fed. R. Civ. P. (which incorporates all the sanctions listed in Rule 37(b)(2)(A), including, *inter alia,* dismissal of the action).  While the Rule does provide for dismissal in a proper case, this is not a proper case.  The Court has already dealt with the issue of Plaintiff's non-attendance at his deposition (Doc. Nos. 27, 40, and 41) and, while the Court has found the actions of Plaintiff's counsel to be deliberate and worthy of sanction, it has made no such finding regarding *Plaintiff.*  Indeed, all the evidence indicates that at the time of the deposition, Plaintiff was delusional, actively suicidal and emotionally unstable.  The Court does not sanction litigants for mental illness.

Considering the conclusions presented in the Status Report (Doc. No. 42), there is no basis to find that the case should be dismissed outright at this time as a sanction against Plaintiff.

*Further Proceedings*

While finding no basis to sanction Plaintiff, the Court does not imply that it approves Plaintiff's counsel's suggestion to allow a deposition which allows Plaintiff free reign to "tell his story" but limits any cross-examination.  Such restrictions are completely contrary to the established rules regarding the taking of testimony and impinge on Defendant's rights to due process.  Put simply,

while the Court is not without sympathy for Plaintiff's current difficulties, his a deposition under current circumstances would be of limited utility to anyone.

While dismissal may not be appropriate at this stage, it is clear that Plaintiff is in no condition to prosecute this action, consistent with the federal and local rules.  Although Rule 17(c), Fed. R. Civ. P. allows a representative to sue on behalf of an incompetent person, it does not appear that Plaintiff has a conservator or guardian, and no one has asked the Court to appoint a next friend or other appropriate fiduciary.  While Plaintiff is represented by counsel, this Court has observed that "the rights of an incompetent person are not necessarily adequately protected simply because he is represented by counsel, and the attorney does not automatically become the guardian ad litem." *Alfaro v. Stratton Corp.*, 2007 WL 1725621, 2  (M.D. Fla. 2007).  This is especially true here, considering the history of the case and the potential conflict between Plaintiff and his counsel.

Given the current record, the Court concludes Plaintiff is unable to proceed with the case, but there is not an adequate basis for the Court to act *sua sponte* to seek out an appropriate guardian to conduct the litigation in his stead.

Considering all of the above, the Court **recommends** that the matter, which is currently stayed, be abated and administratively closed for a period of six months, subject to the following.  If appropriate, either party may file a properly supported motion (including compliance with Local Rule 3.01(g)) to reopen the case, either because Plaintiff is able to proceed or he has a proper representative who can continue the action.  If Plaintiff fails to take any appropriate action within the six month period, it is **respectfully recommended** that the action be **dismissed, without prejudice, for failure to prosecute.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 24, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy