UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CYRUS NOWIA-PAHLAVI,**

        **Plaintiff,**

-vs-                                                    **Case No. 6:08-cv-36-Orl-19DAB**

**HAVERTY FURNITURE COMPANIES,
INC., MICHAEL MCGAUHEY,
MARC GINTER, MARK MOEGE,**

        **Defendants.**

_____

# ORDER

This case comes before the Court on the Report and Recommendation of the United States Magistrate Judge (Doc. No. 45, filed July 24, 2008), the Objection of Plaintiff to the Report and Recommendation (Doc. No. 46, filed Aug. 3, 2008), and the Response of Defendants to Plaintiff's Objections (Doc. No. 47, filed Aug. 4, 2008).

On April 28, 2008, Magistrate Judge Baker entered an Order staying this case due to Plaintiff's inability to participate in the prosecution of the action. (Doc. No. 40.) The Order arose from Plaintiff's non-attendance of a deposition and the revelation that he had been incapacitated due to mental illness. (*See* Doc. No. 41.) Judge Baker ordered Plaintiff's counsel to file a status report in 60 days advising the Court of Plaintiff's condition. (Doc. No. 40.) On June 26, 2008, Plaintiff's counsel filed a status report in which he summarized the recommendations of Plaintiff's psychologist. (Doc. No. 42.) According to the Report, the psychologist recommended that Plaintiff be permitted to continue the lawsuit so he can "tell his story," and he warned that if "Plaintiff does not have the opportunity to be deposed . . . he would in all probability, attempt suicide again." (*Id.*

at 3.) The doctor further recommended that this deposition be structured over a period of several consecutive days in two hour intervals, that a therapist or counselor be available on demand, that the number of attendees be limited, and that the line of questioning be limited to "refrain from delving too deeply into matters related to Plaintiff's identity." (*Id.* at 4.)

On July 2, 2008, Defendants filed a Response to the Status Report (Doc. No. 43) and a Motion to dismiss the action (Doc. No. 44) as a sanction under Federal Rule of Civil Procedure 37. Plaintiff did not respond to the Motion to dismiss. The Court referred the matters to Judge Baker for a report and recommendation.

Judge Baker concluded that the action should not be dismissed as a sanction under Rule 37 because the Court had already dealt with Plaintiff's non-attendance of the deposition and did not find that Plaintiff, personally, was at fault. (Doc. No. 45 at 2.) However, Judge Baker expressed his disagreement with the suggestion of Plaintiff's counsel that Plaintiff be deposed without cross-examination. (*Id.* at 2-3.) Because the evidence submitted by Plaintiff's counsel indicated that Plaintiff was incompetent to proceed with the case, Judge Baker recommended that the case be abated and administratively closed for a period of six months, subject to the ability of either party to file a motion to reopen the case, and dismissed without prejudice after six months if Plaintiff takes no action during that time. (*Id.* at 3.)

Plaintiff filed an objection to the Report and Recommendation, listing five objections. (Doc. No. 46.) Defendants filed a response in opposition. (Doc. No. 47.)

**Analysis**

A party seeking to challenge the findings in a Report and Recommendation of the United States Magistrate Judge must file "written objections which specifically identify the portions of the

proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper objection, the District Court must conduct a *de novo* review of the portions of the report to which objection is made. *Id.* at 783-84. By contrast, general objections to a report and recommendation are reviewed for "clear error on the face of the record." *Id.* at 784. After concluding its review, the District Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff's objections are without merit. Plaintiff's first, second, and third objections concern Defendant's Motion to dismiss. According to Plaintiff, it was improper for Judge Baker to consider this document because the action was still stayed when Defendants filed it. (Doc. No. 46 at 2-4.) Even assuming for the sake of argument that Judge Baker should not have considered the document,[1] Plaintiff's objections are misplaced. Judge Baker expressly rejected Defendants' requests for relief and based his reasoning on the facts presented in Plaintiff's status report. (Doc. No. 45 at 3.)

Plaintiff's fourth objection is that Judge Baker was not permitted to alter the conditions of the stay. (Doc. No. 46 at 4.) Plaintiff cites no authority for this proposition because none exists. Federal courts have inherent power to issue a stay, and they naturally have power to modify the conditions of the stay. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986) (courts have inherent power to issue a stay).

---

[1] There is no rule authorizing or prohibiting a party from responding to a status report that was filed during a stay. As a practical matter, it was entirely appropriate for Defendants to respond to Plaintiff's status report given the unusual form of relief it requested.

Finally, Plaintiff objects to Judge Baker's finding that Plaintiff's failure to respond to Defendant's Motion was "further evidence of Plaintiff's present inability to prosecute." (Doc. No. 46 at 4-5.) Plaintiff states that he was actually complying with the stay by not filing a response, and therefore his non-response should not be held against him. (*Id.*) This objection is also without merit. It is clear from the Report and Recommendation that Judge Baker's conclusion was based on the facts presented in Plaintiff's status report. (Doc. No. 45 at 2-3.) The same conclusion would have been warranted irrespective of whether Plaintiff had responded to Defendants' motion. (*See id.*)

Judge Baker's recommendation is prudent and an appropriate use of the Court's inherent discretion to manage its own docket. Accordingly, Plaintiff's objections are overruled.

**Conclusion**

The Report and Recommendation of the United States Magistrate Judge (Doc. No. 45, filed July 24, 2008) is **ADOPTED**, and the Objection of Plaintiff to the Report and Recommendation (Doc. No. 46, filed Aug. 3, 2008) is **OVERRULED**. This matter shall be abated and administratively closed for six months subject to the conditions specified in Judge Baker's Report and Recommendation (Doc. No. 45 at 3.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 21, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record