**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CYRUS NOWIA-PAHLAVI,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　Case No. 6:08-cv-36-Orl-19DAB

**HAVERTY FURNITURE COMPANIES, INC., MICHAEL MCGAUHEY, MARC GINTER, MARK MOEGE,**

        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO REOPEN THE CASE (Doc. No. 49)
>
> **FILED:** February 18, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DEFERRED**.

> **MOTION:** DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVE MOTION TO CONTINUE THE STAY AND ORDER PLAINTIFF EXAMINED BY COURT APPOINTED PSYCHIATRIST (Doc. No. 52)
>
> **FILED:** February 20, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**, in part.

The motions follow the administrative closure and stay of the case, due to a finding that Plaintiff was not then mentally competent to go forward. The finding was based, in large measure,

on the alleged opinion of Dr. Baker-Hargrove, as told to the Court by Plaintiff's counsel *See* Doc. No. 42. According to counsel, on June 17, 2008, Plaintiff underwent a three hour psychiatric evaluation. Although no report was ever tendered to the Court, Plaintiff's counsel represented that Dr. Baker-Hargrove found Plaintiff to be in "severe emotional turmoil" with "continuing, deep and strong suicidal thoughts and tendencies." *Id.* at 2. Plaintiff was diagnosed as delusional, severely depressed, suicidal, emotionally unstable, and psychologically unsettled. *Id.* Treatment was strongly recommended. Based on this dire outlook, the Court stayed the action, subject to the filing of a motion to reopen the case within six months, upon a proper showing. Plaintiff's motion, filed on the eve of the deadline, followed.

As the papers reflect, Plaintiff's mental status is still at issue. Although Plaintiff offers a brief, one page opinion of Dr. Baker-Hargrove that Plaintiff "does not exhibit any mental health disorder or related clinical syndrome that would prevent him from participating in any civil court proceedings" (Doc. No. 49-2), the opinion raises more questions than answers. Initially, the Court notes that the opinion is dated October 22, 2008, and is allegedly based on the June evaluation (which found Plaintiff to be actively suicidal and severely mentally ill) and one follow up interview of indeterminate scope and duration, conducted October 6, 2008. The opinion does not purport to speak of Plaintiff's current condition. Moreover, there is no explanation or basis for the opinion, which the Court notes is completely contrary to Dr. Baker-Hargrove's prior opinion, as represented by Plaintiff's counsel (Doc. No. 42). Indeed, there is no evidence that Plaintiff underwent the recommended therapy or any other treatment in the interim between the June evaluation and the October visit, which might serve to explain such a recovery; nor is there any explanation offered as to why, if Plaintiff fully recovered

in October, the present motion was not filed until mid-February. Plaintiff has not met his burden of showing that he is currently able to proceed in this action.

Although Defendant moves to dismiss the action, the Court finds it equitable to allow Plaintiff a final opportunity to make the required showing. Therefore, Plaintiff is **ORDERED** to present himself and any pertinent medical records to psychiatrist Jeffrey A. Danziger, M.D., within the next four weeks, for an Independent Medical Examination regarding his current mental status and competency to go forward with this litigation. Plaintiff is advised that he must bear the cost of this examination ($400, plus $175 for a records review if the records are extensive), payable at the time of service. Following the IME, Dr. Danziger is **directed** to file a report with the Court, **under seal.** Counsel will be provided copies of the report, with the understanding that the matters contained therein are not to be publicly filed with the Court or distributed in any fashion or for any use other than with respect to this litigation. Upon review of the report, the Court will make a recommendation to the district judge regarding whether Plaintiff is fit to proceed.

In view of the history of this action, the Court agrees with Defendants that the re-opening of the matter is also conditional on the payment of the fees and costs incurred by Defendants and found to be appropriate by prior Order (Doc. No. 41). Thus, Plaintiff's counsel must reimburse defense counsel in the amount of $6,770.40 as a condition precedent to reopening the case and allowing it to go forward.

Therefore, should Plaintiff desire to reopen this case, he must present himself for the IME no later than **March 27, 2009.** If a finding is made as to his fitness to proceed, Plaintiff's counsel shall have one week in which to pay the sanction. If Plaintiff is not deemed fit to proceed, Plaintiff's

counsel need not pay the sanction, and the Court will recommend dismissal of the action. Failure to present for the IME will result in a recommendation that the case be dismissed for failure to prosecute.

**DONE** and **ORDERED** in Orlando, Florida on February 24, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Jeffrey A. Danziger, M.D.
2300 Maitland Center Parkway, Suite 230
Maitland, FL 32751
(407) 679-6400

Counsel of Record